Karen Vaughan McManus
Application for *Pro Hac Vice* Admission
  to be filed
FEDERAL EXPRESS CORPORATION
Legal Department - Litigation
Building B, Third Floor
3620 Hacks Cross Road
Memphis, Tennessee 38125
(901) 434-8320
(901) 434-4523 fax
kvmcmanus@fedex.com

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KIMBERLY PRIESTLEY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION SHORT TERM DISABILITY PLAN, FEDERAL EXPRESS CORPORATION, and AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS'**<br>**NOTICE OF REMOVAL** |

Defendants Federal Express Corporation Short Term Disability Plan ("STD Plan"), Federal Express Corporation ("FedEx"), and Aetna Life Insurance Company ("Aetna"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby file this Notice of Removal in the above-styled action.

1

I. **The State Court Action**

On or about October 21, 2015, Plaintiff Kimberly Priestley filed the present lawsuit against Defendants STD Plan, FedEx, and Aetna in the Superior Court for Maricopa County, Arizona, Case No. CV2015-054356 ("State Court Action"), alleging breach of contract and unpaid wages in violation of A.R.S. § 23-355. Plaintiff seeks remedies in the form of unpaid wages and/or benefits under the STD Plan, the Federal Express Corporation Long Term Disability Plan ("LTD Plan"), and other FedEx benefits plans. (Complaint at ¶¶ 28-29, 34-36; p. 8 ¶ B) In addition, Plaintiff seeks to recover treble damages and compensatory damages under A.R.S. § 23-255, and her attorneys' fees. (Complaint at ¶¶ 36, 44-45; pp. 8-9, ¶¶ D-E)

Verified copies of all pleadings, process, and orders served in the State Court Action on Defendants are attached hereto as *Exhibit A*.

II. **Complete diversity exists between Plaintiff and Defendants.**

A. **Plaintiff is a citizen of Arizona.**

Plaintiff is a citizen and resident of Maricopa County, Arizona. (Complaint ¶ 3)

B. **Defendants are citizens of Delaware, Tennessee, and Connecticut.**

The Federal Express Corporation Short Term Disability Plan ("STD Plan") is an employee welfare benefit plan administered by Federal Express Corporation. (*Exhibit B:* Declaration of Tamara K. Turner, dated November 12, 2015 ("Turner

Dec."), ¶¶ 4, 6)  Federal Express Corporation is incorporated in the State of Delaware and maintains its world headquarters and principal place of business in Tennessee. (*Exhibit C:* Declaration of Shahram A. Eslami, dated November 6, 2015 ("Eslami Dec."), ¶ 4)  The majority of Federal Express Corporation's high-level officers work at its world headquarters in Tennessee, and most of the executive and administrative functions for FedEx's U.S.-based operations is performed in Tennessee.  (Id. ¶ 5)

Aetna Life Insurance Company, Inc. ("Aetna") is the Claims Paying Administrator for the STD Plan.   (Ex. B: Turner Dec. ¶ 8)  Aetna is incorporated and maintains a principal place of business in Connecticut.  (*Exhibit D:* Declaration of Susan L. Cotter, dated November 9, 2015 ("Cotter Dec.") ¶ 4) Aetna's officers direct, control, and coordinate Aetna's business activities in Connecticut.  (Id. ¶ 5)

For purposes of diversity, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 130 S.Ct. 1181, 1186 (2010)("we conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities")  Accordingly, Defendants are – and were at the time of the filing of the Complaint – citizens of Delaware, Tennessee, and Connecticut.

Since Defendants conduct business throughout the United States and the world, they do not perform a "substantial predominance" of business operations in

3

any one state. (Ex. B: Turner Dec. ¶ 4; Ex. C: Eslami Dec. at ¶ 6; Ex. D: Cotter Dec. ¶ 6) Thus, the "nerve center test" should be used to determine the principal place of business for each Defendant. *See* Friend, 130 S.Ct. at 1186; Montrose Chemical v. American Tourist Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997)(holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions); *see also* Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001).

As explained above, the majority of Federal Express Corporation's high-level officers work in Tennessee at the Memphis world headquarters. (Ex. C: Eslami Dec. ¶ 5) The day-to-day management and administration of the STD Plan also takes place in Tennessee. (Ex. B: Turner Dec. ¶ 7) Aetna's officers control and coordinate Aetna's business activities in Connecticut. (Ex. D: Cotter Dec. ¶ 5) Accordingly, under the "nerve center" test, Defendants are citizens of Tennessee and Connecticut.

  **C. The amount in controversy exceeds the $75,000 jurisdictional minimum.**

Plaintiff's Complaint contemplates an amount in excess of $75,000 exclusive of interest and costs. While Plaintiff's Complaint does not contain an *ad*

4

*damnum* for her claims, Arizona Rule of Civil Procedure 54, the counterpart to Federal Rule of Civil Procedure 54, states:

> (d) …every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Ariz. R. Civ. P. 54(d).  Pursuant to this Rule, a plaintiff may seek and recover any and all damages to which she is entitled, regardless of the amount prayed for in the complaint.

Although Plaintiff's Complaint does not specify an exact amount of damages sought, it does state that Plaintiff is alleging that Defendants failed to pay her benefits to which she was entitled in the form of salary continuation under the STD Plan and the LTD Plan, as well as "any other employee benefits she was entitled to from…any other Company Plan." (Complaint ¶¶ 9, 28-29, 34-35; p. 8, ¶ B)  As a result, Plaintiff is seeking past and future employee benefits and her attorneys' fees.  ( Id. ¶¶ 34-36, 45; p. 9, ¶ E)  She is also seeking treble damages and compensatory damages under A.R.S. §§ 23-355 and 12-341.01.  (Id. ¶¶ 44-45)

Plaintiff's Complaint alleges that she became disabled in October 2013 and that she has remained disabled and unable to work in any occupation since that date. (Complaint ¶¶ 10, 20, 26)   The Complaint alleges that Plaintiff's STD benefits were wrongfully terminated on April 7, 2014, even though Plaintiff was eligible to continue receiving those benefits.  (Complaint ¶¶ 9-14, 26)  The STD Plan provided Plaintiff with a daily benefit of $115.64, which she received for 61 days.  (Ex. B: Turner Dec. ¶¶ 20-21)  Plaintiff claims she is entitled to STD

5

benefits for the remainder of the 26-week period allowed under the STD Plan, which amounts to a total of $13,992.44 in STD benefits for 121 days. (Id. ¶ 21)

However, Plaintiff's Complaint alleges that Plaintiff continues to be disabled and unable to work in *any* occupation, which places past and future disability benefits under the LTD Plan at issue. (Complaint ¶¶ 10, 14, 20, 26) If Plaintiff met the definitions for an Occupational Disability under the STD and LTD Plans, as she alleges in the Complaint, Plaintiff could receive $3,015.00 in benefits per month for as much as two years after she exhausted 26 weeks of STD benefits. (Id. ¶¶ 11-12, 17-20, 26-29; Ex. B: Turner Dec. ¶¶ 13, 17, 21-22) This amounts to over $45,225.00 in *additional* disability benefits Plaintiff could recover for the period of August 8, 2014 through the date of this removal. (Ex. B: Turner Dec. ¶¶ 13-14, 22)

Thus, the total amount of unpaid employee benefits from April 7, 2014 to the present that Plaintiff seeks to recover is already more than $59,217.44 in just disability benefits, without including the "other potential employee benefits" to which Plaintiff claims to be entitled under other plans or programs by virtue of being disabled. (Ex. B: Turner Dec. ¶ 22 ; Complaint ¶¶ 27, 35) Should Plaintiff remain disabled from her occupation and pursue this action until it goes to trial in August of 2016, she could receive an award of as much as $86,354.44 just in disability benefits. (Ex. B: Turner Dec. ¶¶ 21-22)

If Plaintiff remains disabled and unable to work in *any* occupation, as her Complaint now alleges, she could also receive monthly benefits from August 9,

6

2016 until she reached age 65 under the LTD Plan for a Total Disability. (Complaint ¶¶ 10, 14, 20, 26; Ex. B: Turner Dec. ¶¶ 16, 23)  Thus, Plaintiff's Complaint places in issue future benefit payments that have a total value of approximately $ 221,703.00.  (Ex. B: Turner Dec. ¶ 23)

In addition to past and future benefits, Plaintiff is seeking unspecified compensatory damages and treble damages, which would further increase the amount in controversy far in excess of the jurisdictional minimum.  (Complaint ¶¶ 44-45) See Miller v. Maverik Country Stores, Inc., 2003 U.S. App. LEXIS 15312, *3, n. 1 (9th Cir., July 30, 2003); Lake v. Delta Air Lines, Inc., 2011 U.S. Dist. LEXIS 80645, *9-10 (C.D.Cal., July 22, 2011).   Based solely on the amount of disability benefits Plaintiff alleges she is owed as of the date of this removal, she is seeking $177,652.32 in trebled damages.  (Id. ¶ 44; p. 8, ¶ D; Ex. B: Turner Dec. ¶¶ 13-14, 22)

Finally, Plaintiff's Complaint seeks an award of attorneys' fees. (Complaint ¶¶ 36, 45; p. 9, ¶ E)  It is well-settled that, for purposes of calculating the amount in controversy, the Court should consider a potential award of attorneys' fees.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Ansley v. Metro. Life Ins. Co., 215 F.R.D. 575, 577 (D. Ariz. 2003).  An award of attorneys' fees to Plaintiff would push the amount of controversy even farther beyond the jurisdictional minimum.

Therefore, Defendants allege in good faith that Plaintiff's claims for monetary relief in the form of all disability benefits to which Plaintiff is allegedly

owed under the STD Plan and LTD Plan, treble damages, and attorneys' fees, exceed the sum or value of $75,000, exclusive of interest and costs. Therefore, the amount in controversy in this case satisfies the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332.

### III. This case presents a substantial federal question.

Alternatively, this action is removable pursuant to 28 U.SC. §§ 1331 and 1441. Plaintiff asserts a claim for disability benefits that raises a substantial question of federal law and arises out of federal law. At all relevant times, Plaintiff was a Covered Participant in the LTD Plan, as that term is defined by the plan. (Ex. B: Turner Dec. ¶¶ 5, 11, 19) The LTD Plan is an employee welfare benefit plan within the meaning of, subject to, and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Id. ¶ 11)

Plaintiff's Complaint seeks to recover benefits under the LTD Plan that she would have received but for Defendants' allegedly wrongful denial of benefits under the STD Plan. (Complaint ¶¶ 9, 28-29, 34-35) To determine whether Plaintiff is entitled to recover benefits under the LTD Plan, the Court is required to interpret the LTD plan documents, particularly with respect to whether Plaintiff meets the definitions of disability and the eligibility requirements to apply and receive benefits under the LTD Plan. (Ex. B: Turner Dec. ¶¶ 13-17) If Arizona's contract and wage laws are applied to address Plaintiff's grievances about benefits provided by FedEx's LTD Plan, the application of those state laws would serve to regulate and "relate to" an employee benefit plan governed by ERISA. *See* 29

U.S.C. § 1144(a); Providence Health Plan v. McDowell, 385 F.3d 1168, 1172 (9th Cir. 2004).  Plaintiff's claims are based on and require the application of ERISA.  Thus, this Court has original jurisdiction over this action because it is founded on claims or rights arising under a law of the United States.

**IV.     Removal is timely and proper in this Court.**

The thirty-day removal period starts to run when the party seeking the action receives a "paper from which it may first be ascertained that the case is…removable."  28 U.S.C. § 1446(b).  This Notice of Removal is being filed within thirty (30) days after Defendants received copies of the Complaint through service of process through their registered agent, CT Corporation, on October 23, 2015 (FedEx/STD Plan) and October 29, 2015 (Aetna).  Therefore, the original removal of this case is timely under 28 U.S.C. § 1446(b).

Venue is proper in this Court because the Phoenix Division for the District of Arizona encompasses Maricopa County, where the State Court Action is pending.

Written notice of the filing of this Notice of Removal will be served on Plaintiff and filed with the Superior Court of the State of Arizona for Maricopa County.

By filing this Notice of Removal, FedEx does not waive any defense to this Complaint.

WHEREFORE, Defendants Federal Express Corporation Short Term Disability Plan, Federal Express Corporation, and Aetna Life Insurance Company

9

remove this action from the Superior Court of the State of Arizona for Maricopa County to the United States District Court for the District of Arizona, Phoenix Division.

DATED this 12th day of November, 2015.

*s/Karen Vaughan McManus*
Application for *Pro Hac Vice* Admission
   to be filed
FEDERAL EXPRESS CORPORATION
Legal Department – Litigation
Building B, Third Floor
3620 Hacks Cross Road
Memphis, Tennessee 38125
(901) 434-8600
(901) 434-9279 fax
kvmcmanus@fedex.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant's Notice of Removal** was electronically filed on November 12, 2015 with the Clerk of the Court by using the CM/ECF system.

Hard-copies of this pleading were also delivered via FedEx to:

Scott E. Davis
SCOTT E. DAVIS P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, Arizona 85260

Scott M. Harris
SCOTT M. HARRIS P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, Arizona 85260

Parties may access this filing through the Court's CM/ECF system.

*s/Karen Vaughan McManus*
Attorney for Defendants