## VERIFICATION

Personally before the undersigned officer duly authorized to administer oaths, appeared Karen Vaughan McManus, after first being duly sworn, deposes and says as follows:

I, Karen Vaughan McManus, hold the position of Senior Counsel with Federal Express Corporation and, as such, am authorized to execute this Verification on behalf of Defendants Federal Express Corporation Short Term Disability Plan, Federal Express Corporation, and Aetna Life Insurance Company.

I certify that the documents attached to this Notice as *Exhibit A* are true and complete copies of all pleadings and other documents filed in the Superior Court of Maricopa County, Arizona, in the matter of *Kimberly Priestley v. Federal Express Corporation Short Term Disability Plan, Federal Express Corporation, and Aetna Life Insurance Company*, Case no. CV2015-054356.

_____
Karen Vaughan McManus

SUBSCRIBED AND SWORN TO before me this _____ day of November, 2015.

_____
Notary Public

My commission expires:

# CT Corporation

**Service of Process Transmittal**
10/23/2015
CT Log Number 528041400

RECEIVED

OCT 28 2015

RISK MANAGEMENT

RECEIVED

OCT 27 2015

LITIGATION DEPT

| | |
|---|---|
| **TO:** | Litigation Department<br>FedEx Corporation<br>3620 Hacks Cross Rd, 3rd floor, Building B<br>Memphis, TN 38125 |
| **RE:** | **Process Served in Arizona** |
| **FOR:** | Federal Express Corporation  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kimberly Priestley, Pltf. vs. Federal Express Corporation Short Term Disability Plan, et al. including Federal Express Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2015054356 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/23/2015 at 12:45 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott E. Davis<br>Scott E. Davis, P.C.<br>8360 E. Raintree Drive, Suite 140<br>Scottsdale, AZ 85260<br>602-482-4300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781577488371<br><br>Image SOP |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>3800 N Central Avenue<br>Suite 460<br>Phoenix, AZ 85012<br>602-248-1145 |

Page 1 of  1 / AH

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Scott E. Davis
State Bar No. 016160
**SCOTT E. DAVIS, P.C.**
8360 E. Raintree Drive, #140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

Scott M. Harris
State Bar No. 011524
**Scott M. Harris, P.C.**
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:   (602) 252-7400
Facsimile:   (602) 795-5610
email: harris@smharrislaw.com

*Attorneys for Plaintiff Kimberly Priestley*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Kimberly Priestley,<br><br>       Plaintiff,<br><br>v.<br><br>Federal Express Corporation Short Term Disability Plan; Federal Express Corporation; Aetna Life Insurance Company,<br><br>      Defendants. | Case No.   CV2015-054356<br><br>**SUMMONS**<br><br>*If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association* |

THE STATE OF ARIZONA TO DEFENDANTS:

*Federal Express Corporation Short Term Disability Plan*
*Federal Express Corporation*
*c/o its Statutory Agent*
*CT Corporation System*
*2390 East Camelback Road*
*Phoenix, AZ 85016*

-1-

**YOU ARE HEREBY SUMMONED** and required to appear and defend in this action, in this Court within the following time limits:

If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where a process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt an affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS § 20-22, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that a copy of the Summons and Complaint may be obtained from the Clerk of the Maricopa County Superior Court located at 201 West Jefferson, Phoenix, Arizona.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the

-2-

1   necessary filing fee, within the time required, and you are required to serve a copy of any

2   Answer or response upon the Plaintiff's attorney.  RCP 10(d); ARS § 12-311; RCP 5.

3                   The Plaintiff's attorneys are:

4

5                                   Scott E. Davis, Esq.
                                    8360 East Raintree Drive
6                                   Suite 140
                                    Scottsdale, AZ 85260
7                                   (602) 482-4300

8

9                                   Scott M. Harris, Esq.
                                    8360 East Raintree Drive
10                                  Suite 140
                                    Scottsdale, AZ 85260
11                                  (602) 252-7400

12          Requests for reasonable accommodation for persons with disabilities must be

13   made to the division assigned to the case by the party needing accommodation or

14   his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

15

16          Requests for an interpreter for persons with limited English proficiency must

17   be made to the division assigned to the case by the party needing the interpreter

18   and/or translator or his/her counsel at least ten (10) judicial days in advance of a

19   scheduled court proceeding.

20          SIGNED AND SEALED this _____ day of _____

21                                                          OCT 21 2015

22                                                  MICHAEL K. JEANES, CLERK
                                                    B. COLWELL
23                                                  DEPUTY CLERK
                                    _____
                                    Clerk of Superior Court

24

25                                  _____
                                    Deputy Clerk

                                    -3-

Scott E. Davis
State Bar No. 016160
**SCOTT E. DAVIS, P.C.**
8360 E. Raintree Drive, #140
Scottsdale, AZ 85260





OCT 2 1 2015

MICHAEL K. JEANES, CLERK
B. COLWELL
DEPUTY CLERK

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

Scott M. Harris
State Bar No. 011524
**Scott M. Harris, P.C.**
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:   (602) 252-7400
Facsimile:   (602) 795-5610
email: harris@smharrislaw.com

*Attorneys for Plaintiff Kimberly Priestley*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

|  |  |
|---|---|
| Kimberly Priestley, | Case No. **CV2015-054356** |
| Plaintiff, | **COMPLAINT** |
| v. | (Breach of Contract) |
| Federal Express Corporation Short Term Disability Plan; Federal Express Corporation; Aetna Life Insurance Company, |  |
| Defendants. |  |

Now comes the Plaintiff Kimberly Priestley (hereinafter referred to as "Plaintiff"),
by and through her attorneys, Scott E. Davis and Scott M. Harris, and complaining against
the Defendants, she states:

### *Jurisdiction*

1.      This is an action for the failure to approve and pay Plaintiff her Short Term Disability benefits (hereinafter referred to as "STD") in the form of salary continuation (i.e. wages) under the Federal Express Corporation Short Term Disability Plan (hereinafter referred to as the "Plan").

2.      The Plan and all claims related herein are subject to the jurisdiction of this court.

### *Parties*

3.      Plaintiff is a resident of Maricopa County, Arizona.

4.      Federal Express Corporation (hereinafter referred to as the "Company") sponsored and administered the Plan.  The Company hired the Claim Administrator, Aetna Life Insurance Company (hereinafter referred to as "Aetna") to administer and make claim decisions.  In this role, Aetna functioned as the Company and the Plan's agent.  The Company, the Plan and Plan Administrator conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

5.      Plaintiff received STD benefits under the Plan for a period of time before they were terminated by Aetna.

6.      The wage continuation program was established by the Company for the wage continuation of its employees, including Plaintiff, in the event they become disabled.

### *Venue*

7.      Venue is proper in Maricopa County, Arizona.  The Company breached its obligations and Plaintiff's resulting damages occurred in Maricopa County, Arizona.

8.      The Company, Aetna, the Plan and Plan Administrator conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *General Allegations*

9.     The Plan is an express written contract between the Company and its employees to provide certain employee benefits.  At all relevant times hereto, Plaintiff was an employee and covered by the Plan. Plaintiff seeks STD benefits from the Plan as well as any other employee benefits she may be entitled to from the Plan and/or any other Company Plan.

10.     After working for the Company as a loyal employee, Plaintiff became disabled on or about October 8, 2013, due to serious medical conditions and was unable to work in her designated occupation as a Sales Executive - Inside Sales.  Plaintiff has remained continuously disabled as that term is defined in the relevant Plan since that date and has not been able to return to work in any occupation as a result of her serious medical conditions.

11.     Following her disability, Plaintiff applied for STD benefits under the relevant Plan which provides the following definition of disability:

> "Disability or Disabled shall mean Occupational Disability; provided, however, a Covered Employee shall not be deemed to be Disabled or under a Disability unless he is, during the entire period of Disability, under the direct care and treatment of a Practitioner and such Disability is substantiated by significant objective findings which are defined as signs which are noted on a test or medical exam and which are considered significant anatomical, physiological or psychological abnormalities which can be observed apart from the individual's symptoms.  In the absence of significant objective findings, conflicts with managers, shifts and/or work place setting will not be factors supporting disability under the Plan."

12.     In support of her claim for STD benefits, Plaintiff submitted medical records to Aetna from her treating physicians who supported her allegation that she met the Plan's relevant definition of disability.

-3-

13.     Aetna approved Plaintiff's STD claim and she received benefits through April 7, 2014, at which time Aetna erroneously determined that Plaintiff was capable of returning to her prior occupation.

14.     In a letter dated April 22, 2014, Aetna informed Plaintiff it was terminating her STD benefits effective April 7, 2014.  In spite of Aetna's termination of her benefits, Plaintiff's medical condition(s) had not changed or improved in any meaningful way that would have allowed her to return to her prior occupation at the Company, or to any type of occupation.

15.     Prior to terminating Plaintiff's STD benefits, Aetna obtained medical records only "paper reviews" of her claim from two individuals who may be its own employees, Tamara Bowman, M.D. and Edward Klotz, M.D.

16.     Plaintiff timely appealed Aetna's April 22, 2014, termination of her STD benefits and in support of her claim, Plaintiff submitted to Aetna additional medical, vocational and lay witness evidence which demonstrated that she met the definition of disability set forth in the Plan.

17.     Plaintiff submitted to Aetna a narrative letter dated July 16, 2014 from her current treating board certified otolaryngologist, who after reviewing the Plan's definitions of "Significant Objective Findings" and "Disability" opined, "I believe that this motivated lady has a significant medical condition precluding her from obtaining gainful employment indefinitely."  In support of his medical opinions, the treating specialist set forth multiple significant objective medical findings documenting Plaintiff's disabling medical condition and the fact that she met the definition of disability in the Plan.

18.     Further supporting her claim, Plaintiff submitted an August 5, 2014 checklist letter completed by another board certified physician, who confirmed that he agreed with Plaintiff's otolaryngologist's opinion that she is unable to work in any occupation.

19.    Further supporting her claim, Plaintiff submitted to Aetna a vocational report from a certified vocational expert dated August 26, 2014, who after reviewing Plaintiff's medical evidence, the definition of disability and interviewing Plaintiff concluded, "Thus, it is my professional opinion, to a reasonable degree of vocational probability, that [Plaintiff] meets [the] definition of disability in the Aetna [Plan] and she is entitled to disability benefits on that [plan]."

20.    In addition to the medical opinions, records and vocational report submitted to Aetna, Plaintiff submitted two sworn affidavits from her husband and son, who both confirmed that Plaintiff is unable to work in any occupation and that her medical condition had not improved in any way since her date of disability.

21.    Upon information and belief, following Plaintiff's submission of this additional evidence, as part of its review, Aetna again obtained two medical records only "paper reviews" of the claim from Steven Swersie, M.D. and Andrew Schubkegel, M.D. Dr. Schubkegel opined Plaintiff was not disabled.

22.    When it rendered its final denial, Aetna disregarded its own doctor's opinion, Dr. Swersie, that Plaintiff's claim was documented with "Significant Objective Findings" as well as his opinion that she met the definition of "Disability" in the Plan.

23.    In a letter dated October 1, 2014, in order to engage Aetna in a dialogue so she could perfect any alleged deficiencies in her claim, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from Aetna, and the opportunity for her and her treating physicians to respond to them prior to Aetna rendering a determination.

24.    Aetna informed Plaintiff in its November 5, 2014 final denial that it was upholding its denial of her STD claim due to a lack of "significant objective findings" and that she had failed to substantiate her eligibility for disability benefits, but this determination was contrary to the overwhelming weight of the evidence.

-5-

25.     When Aetna failed to give Plaintiff and her doctors an opportunity to respond to Aetna's doctors' opinions, after receiving Aetna's final denial, Plaintiff requested for Aetna to re-open her claim to consider more evidence.  In response letters dated December 17, 2014 and March 6, 2015, Aetna informed Plaintiff that it was denying each and every request to reopen her claim and it would not consider any additional medical documentation, including her treating physician's response as her claim was deemed closed.

26.     From the time Plaintiff originally submitted her claim for STD benefits through the present, her disabling medical condition(s) have been documented with "significant objective findings" as is required to meet that specific Plan term, and she has remained unable to engage in any occupation due to her medical conditions and resulting limitations.

27.     Plaintiff provided Aetna with sufficient evidence such that she met the specific terms of the Plan in order to be found disabled.  Plaintiff alleges that her evidence was repeatedly ignored by Defendants when it denied her claim.

28.     In addition to STD benefits, by virtue of meeting the Plan's definition of disability, Plaintiff may be entitled to other employee benefits pursuant the terms of another Company Plan.

29.     By virtue of Defendants' denial of Plaintiff's STD claim, she has also been precluded from filing a claim for Long Term Disability (hereinafter referred to as "LTD") benefits through the Company or another relevant Company Plan.

## *I.  Breach of Contract*

30.     All previous paragraphs are incorporated by reference.

31.     The Plan states that Plaintiff is entitled to the continuation of her wages at a certain amount if she meets the Plan's definition of disability.

-6-

32.     Plaintiff has submitted documentary evidence that is sufficient to prove that she is disabled as defined by the Plan.

33.     Aetna's failure to find that Plaintiff was disabled pursuant to the Plan and failure to pay her the benefits she was entitled to, is a breach of Defendants' contractual duty under the Plan.

34.     As a direct result of Defendants' breach of the Plan, Plaintiff has been injured and suffered damages in the form of lost STD benefits and she has also been precluded from filing an LTD claim.

35.     As a further result of Defendants' breach of the Plan, in addition to Plaintiff's loss of STD benefits, she may have lost other potential employee benefits she was entitled to from the Plan, from any other Company Plan and/or the Company itself as a result of being found disabled.

36.     As a result of Defendants' breach of the Plan, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

## II. Unpaid Wage Claim pursuant to A.R.S. §23-355

37.     All previous paragraphs are incorporated by reference.

38.     The Company is an employer under Arizona law and is subject to the wage laws of the State of Arizona.

39.     Plaintiff was an employee of the Company as defined in the Plan and under Arizona law.

40.     Under the Plan covering the Plaintiff and administered by the Defendants, the Company agreed to pay her wages in the form of disability benefits if she met the definition of disability set forth in the Plan.

41. Plaintiff had a reasonable expectation under the Plan that she would receive disability benefits if she met the definition of disability in the Plan.

42. The Company and/or the Plan failed to pay Plaintiff the wages to which she is entitled to under the Plan in violation of Arizona wage law, specifically A.R.S. §23-355.

43. Plaintiff has suffered damages as a direct result of the Company and/or the Plan's failure to pay her wage continuation payments.

44. Pursuant to A.R.S. §23-355 Plaintiff is entitled to treble damages of the amount of wrongfully withheld wages.

45. Plaintiff is also entitled to compensatory damages as well as her attorney's fees and costs pursuant to A.R.S. § 12-341.01, and other damages to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

A. That Defendants breached the terms of the Plan and that Plaintiff met the definition of disability set forth in the Plan for the entire duration of the benefit period;

B. That Defendants are required to pay Plaintiff the remaining Short Term Disability benefits that are owed, and any other employee benefits she may be entitled to from the Defendants as a result of being pursuant to the Plan, from the date she was first denied those benefits through the end of the Short Term Disability period;

C. That Plaintiff is entitled to pre and post judgment interest on the wrongfully denied Short Term Disability benefits;

D. That Defendants are required to pay Plaintiff the wages to which she is entitled to under the Plan, as well as treble damages on the amount of Plaintiff's unpaid wages under A.R.S. §23-355;

E.     For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to A.R.S. § 12-341.01; and

F.     For such other and further relief as the Court deems just and proper.

DATED this 20th day of October, 2015.

SCOTT E. DAVIS. P.C.

By: _____
          Scott E. Davis
          Attorney for Plaintiff

SCOTT M. HARRIS. P.C.

By: _____
          Scott M. Harris
          Attorney for Plaintiff

-9-

1   Scott E. Davis
2   State Bar No. 016160
    **SCOTT E. DAVIS, P.C.**
3   8360 E. Raintree Drive, #140
    Scottsdale, AZ 85260
4

5   Telephone:  (602) 482-4300
    Facsimile:  (602) 569-9720
6   email: davis@scottdavispc.com

7   Scott M. Harris
8   State Bar No. 011524
    **Scott M. Harris, P.C.**
9   8360 E. Raintree Drive, Suite 140
    Scottsdale, AZ 85260
10

11  Telephone:   (602) 252-7400
    Facsimile:   (602) 795-5610
12  email: harris@smharrislaw.com

13  *Attorneys for Plaintiff Kimberly Priestley*

14          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
15               **IN AND FOR THE COUNTY OF MARICOPA**

16

17  Kimberly Priestley,                         CV 2015-054356

18          Plaintiff,
                                         No.
19          v.
                                         **PLAINTIFF'S CERTIFICATE**
20  Federal Express Corporation Short Term      **REGARDING COMPULSORY**
    Disability Plan; Federal Express            **ARBITRATION**
21  Corporation; Aetna Life Insurance
    Company,
22
            Defendants.
23

24

25          The undersigned certifies that the largest award sought by Plaintiff, including

    punitive damages, but excluding interest, attorneys' fees and costs **does** **not** exceed the



OCT 2 1 2015

MICHAEL K. JEANES, CLERK
B. COLWELL
DEPUTY CLERK

-1-

limits set by Local Rule for Compulsory Arbitration.  This case is subject to Compulsory Arbitration.

DATED this 20th day of October, 2015.

SCOTT E. DAVIS. P.C.

By: _____
Scott E. Davis
Attorney for Plaintiff

SCOTT M. HARRIS. P.C.

By: _____
Scott M. Harris
Attorney for Plaintiff

-2-

 CT Corporation

**Service of Process Transmittal**
10/29/2015
CT Log Number 528075194

TO: Myrna Goodrich, U13N, Paralegal
Aetna, Inc.
980 Jolly Rd
Blue Bell, PA 19422-1904

RE: **Process Served in Arizona**

FOR: Aetna Life Insurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Kimberly Priestley, Pltf. vs. Federal Express Corporation, Short Term Disability Plan, et al., Dfts. // To: Aetna Life Insurance Company |
| DOCUMENT(S) SERVED: | Summons, Complaint, Certificate(s) |
| COURT/AGENCY: | Maricopa County - Superior Court, AZ  Case # CV2015054356 |
| NATURE OF ACTION: | Insurance Litigation - Claim for policy benefits |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Phoenix, AZ |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 10/29/2015 postmarked: "Not Post Marked" |
| JURISDICTION SERVED : | Arizona |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Scott E. Davis  Scott E. Davis, P.C.  8360 E.Raintree Drive  #140  Scottsdale, AZ 85260  602-482-4300 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/29/2015, Expected Purge Date: 11/03/2015 |
| | Image SOP |
| | Email Notification,  Desiree Beatty  beattyd@aetna.com |
| | Email Notification,  Jacqueline West  WestJ2@AETNA.com |
| SIGNED: | C T Corporation System |
| ADDRESS: | 3800 N Central Avenue  Suite 460  Phoenix, AZ 85012 |
| TELEPHONE: | 602-248-1145 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7012 2210 0001 1450 7054

ARIZONA DEPARTMENT OF INSURANCE
2910 North 44th Street, Suite 210
Phoenix, Arizona 85018-7269

AETNA LIFE INS CO
CT CORPORATION
3800 NORTH CENTRAL AVE, SUITE 460
PHOENIX AZ 85012
CV2015054356

1    Scott E. Davis
     State Bar No. 016160
2    **SCOTT E. DAVIS, P.C.**
     8360 E. Raintree Drive, #140
3    Scottsdale, AZ 85260

4    Telephone: (602) 482-4300
     Facsimile: (602) 569-9720
5    email: davis@scottdavispc.com

6    Scott M. Harris
     State Bar No. 011524
7    **Scott M. Harris, P.C.**
     8360 E. Raintree Drive, Suite 140
8    Scottsdale, AZ 85260

9    Telephone: (602) 252-7400
     Facsimile: (602) 795-5610
10    email: harris@smharrislaw.com

11

*Attorneys for Plaintiff Kimberly Priestley*

12

13    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
       **IN AND FOR THE COUNTY OF MARICOPA**

14    Kimberly Priestley,

15        Plaintiff,

16      v.

17    Federal Express Corporation Short Term
     Disability Plan; Federal Express Corporation;
18    Aetna Life Insurance Company,

19        Defendants.

20

Case No.    **CV2015-054356**

**SUMMONS**

21    THE STATE OF ARIZONA TO DEFENDANTS:

22

23        *Aetna Life Insurance Company*
         *c/o its Statutory Agent*
24        *Director of Insurance*
         *2910 N. 44th Street*
25        *Phoenix, AZ 85018*

*If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association*

STATE OF ARIZONA
DEPT. OF INSURANCE

OCT 22 2015

TIME _____
SERVICE OF PROCESS

-1-

**YOU ARE HEREBY SUMMONED** and required to appear and defend in this action, in this Court within the following time limits:

If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where a process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt an affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS § 20-22, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that a copy of the Summons and Complaint may be obtained from the Clerk of the Maricopa County Superior Court located at 201 West Jefferson, Phoenix, Arizona.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the

-2-

1  necessary filing fee, within the time required, and you are required to serve a copy of any

2  Answer or response upon the Plaintiff's attorney.  RCP 10(d); ARS § 12-311; RCP 5.

3        The Plaintiff's attorneys are:

4

5                       Scott E. Davis, Esq.
                       8360 East Raintree Drive
6                            Suite 140
                       Scottsdale, AZ 85260
7                          (602) 482-4300

8

9                       Scott M. Harris, Esq.
                       8360 East Raintree Drive
10                           Suite 140
                       Scottsdale, AZ 85260
11                         (602) 252-7400

12        Requests for reasonable accommodation for persons with disabilities must be

13  made to the division assigned to the case by the party needing accommodation or

14  his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

15

16        Requests for an interpreter for persons with limited English proficiency must

17  be made to the division assigned to the case by the party needing the interpreter

18  and/or translator or his/her counsel at least ten (10) judicial days in advance of a

19  scheduled court proceeding.

20        SIGNED AND SEALED this _____ day of _____

21

22                                      OCT 2 1 2015

23                          Clerk of Superior Court
                                      MICHAEL K. JEANES, CLERK
                                      DEPUTY CLERK

24

25                          _____
                            Deputy Clerk

                                -3-

1
Scott E. Davis
State Bar No. 016160
2   **SCOTT E. DAVIS, P.C.**
8360 E. Raintree Drive, #140
3   Scottsdale, AZ 85260

4   Telephone:  (602) 482-4300
Facsimile:  (602) 569-9720
5   email: davis@scottdavispc.com

6   Scott M. Harris
State Bar No. 011524
7   **Scott M. Harris, P.C.**
8360 E. Raintree Drive, Suite 140
8   Scottsdale, AZ 85260

9   Telephone:   (602) 252-7400
Facsimile:   (602) 795-5610
10  email: harris@smharrislaw.com

11  *Attorneys for Plaintiff Kimberly Priestley*

12

13       IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

14

15  Kimberly Priestley,                    Case No.   CV2015-054356

16                    Plaintiff,
COMPLAINT
17       v.
(Breach of Contract)
18
Federal Express Corporation Short Term
19  Disability Plan; Federal Express Corporation;
Aetna Life Insurance Company,
20
Defendants.
21

22

23       Now comes the Plaintiff Kimberly Priestley (hereinafter referred to as "Plaintiff"),

24  by and through her attorneys, Scott E. Davis and Scott M. Harris, and complaining against

25  the Defendants, she states:

COPY

OCT 21 2015



MICHAEL K. JEANES, CLERK
B. COLWELL
DEPUTY CLERK

-1-

*Jurisdiction*

1.      This is an action for the failure to approve and pay Plaintiff her Short Term Disability benefits (hereinafter referred to as "STD") in the form of salary continuation (i.e. wages) under the Federal Express Corporation Short Term Disability Plan (hereinafter referred to as the "Plan").

2.      The Plan and all claims related herein are subject to the jurisdiction of this court.

*Parties*

3.      Plaintiff is a resident of Maricopa County, Arizona.

4.      Federal Express Corporation (hereinafter referred to as the "Company") sponsored and administered the Plan. The Company hired the Claim Administrator, Aetna Life Insurance Company (hereinafter referred to as "Aetna") to administer and make claim decisions.  In this role, Aetna functioned as the Company and the Plan's agent.  The Company, the Plan and Plan Administrator conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

5.      Plaintiff received STD benefits under the Plan for a period of time before they were terminated by Aetna.

6.      The wage continuation program was established by the Company for the wage continuation of its employees, including Plaintiff, in the event they become disabled.

*Venue*

7.      Venue is proper in Maricopa County, Arizona.  The Company breached its obligations and Plaintiff's resulting damages occurred in Maricopa County, Arizona.

8.      The Company, Aetna, the Plan and Plan Administrator conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*General Allegations*

9.      The Plan is an express written contract between the Company and its employees to provide certain employee benefits.  At all relevant times hereto, Plaintiff was an employee and covered by the Plan. Plaintiff seeks STD benefits from the Plan as well as any other employee benefits she may be entitled to from the Plan and/or any other Company Plan.

10.     After working for the Company as a loyal employee, Plaintiff became disabled on or about October 8, 2013, due to serious medical conditions and was unable to work in her designated occupation as a Sales Executive - Inside Sales.   Plaintiff has remained continuously disabled as that term is defined in the relevant Plan since that date and has not been able to return to work in any occupation as a result of her serious medical conditions.

11.     Following her disability, Plaintiff applied for STD benefits under the relevant Plan which provides the following definition of disability:

"Disability or Disabled shall mean Occupational Disability; provided, however, a Covered Employee shall not be deemed to be Disabled or under a Disability unless he is, during the entire period of Disability, under the direct care and treatment of a Practitioner and such Disability is substantiated by significant objective findings which are defined as signs which are noted on a test or medical exam and which are considered significant anatomical, physiological or psychological abnormalities which can be observed apart from the individual's symptoms.  In the absence of significant objective findings, conflicts with managers, shifts and/or work place setting will not be factors supporting disability under the Plan."

12.     In support of her claim for STD benefits, Plaintiff submitted medical records to Aetna from her treating physicians who supported her allegation that she met the Plan's relevant definition of disability.

13.    Aetna approved Plaintiff's STD claim and she received benefits through April 7, 2014, at which time Aetna erroneously determined that Plaintiff was capable of returning to her prior occupation.

14.    In a letter dated April 22, 2014, Aetna informed Plaintiff it was terminating her STD benefits effective April 7, 2014.  In spite of Aetna's termination of her benefits, Plaintiff's medical condition(s) had not changed or improved in any meaningful way that would have allowed her to return to her prior occupation at the Company, or to any type of occupation.

15.    Prior to terminating Plaintiff's STD benefits, Aetna obtained medical records only "paper reviews" of her claim from two individuals who may be its own employees, Tamara Bowman, M.D. and Edward Klotz, M.D.

16.    Plaintiff timely appealed Aetna's April 22, 2014, termination of her STD benefits and in support of her claim, Plaintiff submitted to Aetna additional medical, vocational and lay witness evidence which demonstrated that she met the definition of disability set forth in the Plan.

17.    Plaintiff submitted to Aetna a narrative letter dated July 16, 2014 from her current treating board certified otolaryngologist, who after reviewing the Plan's definitions of "Significant Objective Findings" and "Disability" opined, "I believe that this motivated lady has a significant medical condition precluding her from obtaining gainful employment indefinitely."  In support of his medical opinions, the treating specialist set forth multiple significant objective medical findings documenting Plaintiff's disabling medical condition and the fact that she met the definition of disability in the Plan.

18.    Further supporting her claim, Plaintiff submitted an August 5, 2014 checklist letter completed by another board certified physician, who confirmed that he agreed with Plaintiff's otolaryngologist's opinion that she is unable to work in any occupation.

-4-

19.     Further supporting her claim, Plaintiff submitted to Aetna a vocational report from a certified vocational expert dated August 26, 2014, who after reviewing Plaintiff's medical evidence, the definition of disability and interviewing Plaintiff concluded, "Thus, it is my professional opinion, to a reasonable degree of vocational probability, that [Plaintiff] meets [the] definition of disability in the Aetna [Plan] and she is entitled to disability benefits on that [plan]."

20.     In addition to the medical opinions, records and vocational report submitted to Aetna, Plaintiff submitted two sworn affidavits from her husband and son, who both confirmed that Plaintiff is unable to work in any occupation and that her medical condition had not improved in any way since her date of disability.

21.     Upon information and belief, following Plaintiff's submission of this additional evidence, as part of its review, Aetna again obtained two medical records only "paper reviews" of the claim from Steven Swersie, M.D. and Andrew Schubkegel, M.D. Dr. Schubkegel opined Plaintiff was not disabled.

22.     When it rendered its final denial, Aetna disregarded its own doctor's opinion, Dr. Swersie, that Plaintiff's claim was documented with "Significant Objective Findings" as well as his opinion that she met the definition of "Disability" in the Plan.

23.     In a letter dated October 1, 2014, in order to engage Aetna in a dialogue so she could perfect any alleged deficiencies in her claim, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from Aetna, and the opportunity for her and her treating physicians to respond to them prior to Aetna rendering a determination.

24.     Aetna informed Plaintiff in its November 5, 2014 final denial that it was upholding its denial of her STD claim due to a lack of "significant objective findings" and that she had failed to substantiate her eligibility for disability benefits, but this determination was contrary to the overwhelming weight of the evidence.

-5-

25.     When Aetna failed to give Plaintiff and her doctors an opportunity to respond to Aetna's doctors' opinions, after receiving Aetna's final denial, Plaintiff requested for Aetna to re-open her claim to consider more evidence.  In response letters dated December 17, 2014 and March 6, 2015, Aetna informed Plaintiff that it was denying each and every request to reopen her claim and it would not consider any additional medical documentation, including her treating physician's response as her claim was deemed closed.

26.     From the time Plaintiff originally submitted her claim for STD benefits through the present, her disabling medical condition(s) have been documented with "significant objective findings" as is required to meet that specific Plan term, and she has remained unable to engage in any occupation due to her medical conditions and resulting limitations.

27.     Plaintiff provided Aetna with sufficient evidence such that she met the specific terms of the Plan in order to be found disabled.  Plaintiff alleges that her evidence was repeatedly ignored by Defendants when it denied her claim.

28.     In addition to STD benefits, by virtue of meeting the Plan's definition of disability, Plaintiff may be entitled to other employee benefits pursuant the terms of another Company Plan.

29.     By virtue of Defendants' denial of Plaintiff's STD claim, she has also been precluded from filing a claim for Long Term Disability (hereinafter referred to as "LTD") benefits through the Company or another relevant Company Plan.

### I.   Breach of Contract

30.     All previous paragraphs are incorporated by reference.

31.     The Plan states that Plaintiff is entitled to the continuation of her wages at a certain amount if she meets the Plan's definition of disability.

-6-

32.     Plaintiff has submitted documentary evidence that is sufficient to prove that she is disabled as defined by the Plan.

33.     Aetna's failure to find that Plaintiff was disabled pursuant to the Plan and failure to pay her the benefits she was entitled to, is a breach of Defendants' contractual duty under the Plan.

34.     As a direct result of Defendants' breach of the Plan, Plaintiff has been injured and suffered damages in the form of lost STD benefits and she has also been precluded from filing an LTD claim.

35.     As a further result of Defendants' breach of the Plan, in addition to Plaintiff's loss of STD benefits, she may have lost other potential employee benefits she was entitled to from the Plan, from any other Company Plan and/or the Company itself as a result of being found disabled.

36.     As a result of Defendants' breach of the Plan, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

*II. Unpaid Wage Claim pursuant to A.R.S. §23-355*

37.     All previous paragraphs are incorporated by reference.

38.     The Company is an employer under Arizona law and is subject to the wage laws of the State of Arizona.

39.     Plaintiff was an employee of the Company as defined in the Plan and under Arizona law.

40.     Under the Plan covering the Plaintiff and administered by the Defendants, the Company agreed to pay her wages in the form of disability benefits if she met the definition of disability set forth in the Plan.

-7-

41.     Plaintiff had a reasonable expectation under the Plan that she would receive disability benefits if she met the definition of disability in the Plan.

42.     The Company and/or the Plan failed to pay Plaintiff the wages to which she is entitled to under the Plan in violation of Arizona wage law, specifically A.R.S. §23-355.

43.     Plaintiff has suffered damages as a direct result of the Company and/or the Plan's failure to pay her wage continuation payments.

44.     Pursuant to A.R.S. §23-355 Plaintiff is entitled to treble damages of the amount of wrongfully withheld wages.

45.     Plaintiff is also entitled to compensatory damages as well as her attorney's fees and costs pursuant to A.R.S. § 12-341.01, and other damages to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      That Defendants breached the terms of the Plan and that Plaintiff met the definition of disability set forth in the Plan for the entire duration of the benefit period;

B.      That Defendants are required to pay Plaintiff the remaining Short Term Disability benefits that are owed, and any other employee benefits she may be entitled to from the Defendants as a result of being pursuant to the Plan, from the date she was first denied those benefits through the end of the Short Term Disability period;

C.      That Plaintiff is entitled to pre and post judgment interest on the wrongfully denied Short Term Disability benefits;

D.      That Defendants are required to pay Plaintiff the wages to which she is entitled to under the Plan, as well as treble damages on the amount of Plaintiff's unpaid wages under A.R.S. §23-355;

E.   For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to A.R.S. § 12-341.01; and

F.   For such other and further relief as the Court deems just and proper.

DATED this 20th day of October, 2015.

**SCOTT E. DAVIS, P.C.**

By: _____
      Scott E. Davis
      Attorney for Plaintiff

**SCOTT M. HARRIS, P.C.**

By: _____
      Scott M. Harris
      Attorney for Plaintiff

Scott E. Davis
State Bar No. 016160
**SCOTT E. DAVIS, P.C.**
8360 E. Raintree Drive, #140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:  (602) 569-9720
email: davis@scottdavispc.com

Scott M. Harris
State Bar No. 011524
**Scott M. Harris, P.C.**
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:   (602) 252-7400
Facsimile:   (602) 795-5610
email: harris@smharrislaw.com

*Attorneys for Plaintiff Kimberly Priestley*

COPY

OCT 2 1 2015

MICHAEL K. JEANES, CLERK
B. COLWELL
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Kimberly Priestley, | |
| Plaintiff, | CV2015-054356 |
| v. | No. |
| Federal Express Corporation Short Term Disability Plan; Federal Express Corporation; Aetna Life Insurance Company, | **PLAINTIFF'S CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| Defendants. | |

The undersigned certifies that the largest award sought by Plaintiff, including punitive damages, but excluding interest, attorneys' fees and costs **does** **not** exceed the

-1-

limits set by Local Rule for Compulsory Arbitration.  This case is subject to Compulsory Arbitration.

DATED this 20th day of October, 2015.

SCOTT E. DAVIS. P.C.

By: _____
     Scott E. Davis
     Attorney for Plaintiff

SCOTT M. HARRIS. P.C.

By: _____
     Scott M. Harris
     Attorney for Plaintiff

-2-