**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Priestley,<br><br>             Plaintiff,<br><br>v.<br><br>Federal Express Corporation Short Term Disability Plan, et al.,<br><br>             Defendants. | No. CV-15-02290-PHX-SRB<br><br>**ORDER** |

The Court now considers Plaintiff Kimberly Priestley's Motion to Remand to Superior Court ("MTR") (Doc. 14).

**I.    BACKGROUND**

On October 21, 2015, Plaintiff filed suit against Defendants Federal Express Corporation Short Term Disability Plan ("STD Plan"), Federal Express Corporation ("FedEx"), and Aetna Life Insurance Company ("Aetna") in Maricopa County Superior Court. (Doc. 1-1, Compl.) Plaintiff alleges that she was covered by the STD Plan during her employment with FedEx. (*Id.* ¶¶ 9-10.) Plaintiff alleges that while working for FedEx she became disabled as defined by the STD Plan on or about October 8, 2013, and she has remained disabled since that date. (*Id.* ¶ 10.) After Plaintiff became disabled she applied for benefits under the STD Plan. (*Id.* ¶¶ 11, 13.) Aetna, as the Claim Administrator for the STD Plan, approved Plaintiff's claim and she received benefits through April 7, 2014, at which time Aetna determined that Plaintiff was no longer disabled. (*Id.* ¶ 13.) Plaintiff disputed this finding and sent Aetna additional medical,

vocational, and lay witness evidence that she believes demonstrated that she remained disabled under the STD Plan. (*Id.* ¶¶ 16-20.) On November 5, 2014, Aetna made a final decision denying Plaintiff benefits under the STD Plan and subsequently denied all of Plaintiff's requests to reopen her claim. (*Id.* ¶ 24.)

Plaintiff filed her Complaint in Maricopa County Superior Court alleging claims for breach of contract and a violation of the Arizona wage law, A.R.S. § 23-355. (*Id.* ¶¶ 30-45.) Defendants removed the action to federal court on the basis of both diversity and federal question jurisdiction. (Doc. 1, Defs.' Notice of Removal at 2-9.) Plaintiff now seeks remand to Maricopa County Superior Court. (MTR at 1.)

## II.     LEGAL STANDARDS AND ANALYSIS

Removal from state court to federal court is appropriate only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Defendants assert that the Court has jurisdiction over the action because Plaintiff has alleged a claim "arising under" federal law and the requirements of diversity jurisdiction are satisfied. (Doc. 17, Resp. to MTR at 2-8); *see* 28 U.S.C. §§ 1331, 1332. Defendants' arguments rely exclusively on their assertion that Plaintiff is seeking to recover Long Term Disability ("LTD") benefits in addition to her claim that she is entitled to STD benefits. (*See* Resp. to MTR at 2-5 (stating that a claim for both STD and LTD benefits will likely entitle Plaintiff to damages in excess of $75,000), 5-8 (stating

that a claim for LTD benefits is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and therefore "aris[es] under" federal law).) Defendants do not dispute that this Court lacks federal question jurisdiction if Plaintiff's claims are limited to an alleged violation of the STD Plan. Defendants also do not dispute that this Court lacks diversity jurisdiction if the relief sought is limited to unpaid STD benefits because the amount in controversy would not exceed $75,000. Accordingly, the Court will only address whether the Complaint alleges that Plaintiff is entitled to recover benefits under FedEx's LTD plan.

Upon review of the Complaint, it is clear that Plaintiff's claims concern only an alleged violation of the STD Plan and her requested relief is limited to unpaid STD benefits. Although the Complaint alleges that Plaintiff remains disabled and has been "precluded from filing a claim for Long Term Disability [benefits] . . . through the Company or another relevant Plan," it does not make any further allegations claiming Plaintiff is entitled to or is seeking LTD benefits in this lawsuit. (*See* Compl. ¶¶ 28-29, 34-35.) Further, in her prayer for relief Plaintiff expressly limits her requested relief to any and all benefits under the STD Plan "from the date she was first denied those benefits through the end of the Short Term Disability Period." (*Id.* ¶¶ A-D.) The Court concludes that because Plaintiff's claims are related solely to the STD Plan, Defendants have failed to meet their burden of establishing that removal is proper.

The Court also grants Plaintiff's request for an attorneys' fees award under 28 U.S.C. § 1447(c) incurred as a result of Defendants' improper removal. It was not objectively reasonable for Defendants to believe that Plaintiff was seeking to recover benefits under FedEx's LTD plan. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The Court orders Plaintiff to file a memorandum detailing her attorneys' fees in accordance with Local Rule of Civil Procedure 54.2(d)-(e) within seven days of this Order. Defendants will then have seven days to file any objections to

Plaintiff's request in accordance with Local Rule of Civil Procedure 54.2(f).

## III. CONCLUSION

The Court remands the case to Maricopa County Superior Court because the Court lacks jurisdiction over Plaintiff's claims. Plaintiff is entitled to reasonable attorneys' fees and costs incurred as a result of the improper removal.

**IT IS ORDERED** granting Plaintiff's Motion to Remand to Superior Court (Doc. 14).

**IT IS FURTHER ORDERED** denying as moot Defendants' Unopposed Motion to Allow Its Counsel to Attend Case Management Conference by Telephone (Doc. 22).

**IT IS FURTHER ORDERED** directing Plaintiff to file a memorandum detailing her attorneys' fees in accordance with Local Rule of Civil Procedure 54.2(d)-(e) within seven days of this Order. Defendants will have seven days after Plaintiff files her request to file any objections.

**IT IS FURTHER ORDERED** remanding this case to the Maricopa County Superior Court.

Dated this 28th day of January, 2016.

_____
Susan R. Bolton
United States District Judge